IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHYLLIS ANTHONY, INDIVIDUALLY ) <br> AND d/b/o SKYLAR ANTHONY, d/o/b ) <br> 12-22-2003, A MINOR, and STERLING ) <br> ANTHONY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> RICHARD G. MADDEN, T AND K ) <br> TRUCKING, INC., AND E & K ) <br> TRUCKING, INC., ) <br> ) <br> Defendants. ) | CASE NO. 3:06-0739 <br> JUDGE ECHOLS/KNOWLES |

## REPORT AND RECOMMENDATION

This matter is before the Court with regard to the Court's subject matter jurisdiction. "[E]very federal court, whether trial or appellate, is obliged to notice want of subject-matter jurisdiction on its own motion." *Things Remembered, Inc. v. Petraraca,* 516 U.S. 124, 131 n.1 (1995) (Ginsburg, J., concurring).

The Initial Case Management Conference was held on October 12, 2006. At the time of the Initial Case Management Conference, Richard G. Madden was the only Defendant who had been served, and he was the only Defendant who appeared at the Initial Case Management Conference.

At that time, the undersigned noted that the basis for this Court's jurisdiction, as set forth in the Complaint, is diversity of citizenship (28 U.S.C. § 1332). Docket No. 1, p. 2. The

undersigned further noted that, while Plaintiffs were identified as citizens of Tennessee, there was no allegation as to the citizenship of Defendant Richard G. Madden, and there were insufficient allegations with regard to the citizenship of T and K Trucking, Inc., and E & K Trucking, Inc. (The Complaint does contain sufficient allegations with regard to the amount in controversy.) The Court, therefore, ordered the parties to submit statements with regard to the citizenship of Defendants Madden, T and K Trucking, Inc., and E & K Trucking, Inc., within two weeks of the Initial Case Management Conference.

On October 24, 2006, Defendant Madden submitted a "Jurisdictional Statement" stating that he was a citizen of the state of Kentucky at the time of the filing of the Complaint.

Plaintiff's counsel, however, has failed to comply with the Court's Order to file a statement with regard to the citizenship of Defendants T and K Trucking, Inc., and E & K Trucking, Inc.

Pursuant to Fed. R. Civ. P. 8(a), a Complaint must contain a short and plain statement of the grounds upon which the Court's jurisdiction depends. Merely alleging "diversity of citizenship" does not satisfy this requirement; instead, the Complaint "must contain averments of the parties' citizenship and the amount in controversy." **Moore's Federal Practice 3d** § 8.03[5][a], p. 8-15.

Because Plaintiff's Complaint fails to appropriately set forth the basis for the Court's diversity jurisdiction, the undersigned recommends that this action be DISMISSED WITHOUT PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this

Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. Clifton Knowles
United States Magistrate Judge