```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

**PHYLLIS ANTHONY, INDIVIDUALLY** )
**AND o/b/o SKYLAR ANTHONY,**     )
**d/o/b 12-22-2003 A MINOR**      )
**and STERLING ANTHONY,**         )
                                  )
       **Plaintiffs,**           )
                                  )
    **v.**                        )    **Case No. 3:06-0739**
                                  )    **Judge Echols**
**RICHARD G. MADDEN, T and K**    )
**TRUCKING, INC., and E & K**     )
**TRUCKING,**                     )
                                  )
       **Defendants.**           )

## ORDER

Pending before the Court is a Report and Recommendation ("R & R") (Docket Entry No. 14), to which Plaintiffs have filed an Objection (Docket Entry No. 15).

This is a negligence action arising out of a motor vehicle collision. Plaintiffs invoke this Court's diversity jurisdiction, alleging the following in their Complaint:

> 1. The Plaintiff's [sic] PHYLLIS ANTHONY individually and o/b/o SKYLAR ANTHONY, d/o/b 12-22-2003, A MINOR and STERLING ANTHONY, are citizens and residents of Clarksville, Montgomery County, Tennessee;
> 2. The Defendant, RICHARD G. MADDEN, is a citizen and resident of Scottsville, Allen County, Kentucky and may be served with process at 108 South Welch Street, Scottsville, Kentucky 42104;
> 3. The Defendant, T AND K TRUCKING, INC., is the registered owner of the vehicle that RICHARD MADDEN was driving which struck the Plaintiff's vehicle, and is a business conducting services in Russellville, Logan County, Kentucky and may be served with process at 178 Echo Valley Road, Russellville, KY 42276;

1

> 4. The Defendant E AND K TRUCKING, INC., is the company who hire [sic] T and TRUCKING [sic], INC., for services in which RICHARD G. MADDEN was driving the vehicle which struck the Plaintiff's vehicle, and are [sic] a business situated in Paintsville, Johnson County, Kentucky, and may be served with process at RT 1750 P.O. Box 1444, Paintsville, Kentucky 41240.
> 5. Jurisdiction in this Honorable Court is proper pursuant to diversity of citizenship pursuant to 28 U.S.C. § 1332 and the matter in controversy exceeds, exclusive in [sic] interest and costs, the sum specified by said section;
> 6. Based upon the above circumstances, the jurisdiction is proper in this Honorable Court, and venue is likewise proper in this forum.

(Docket Entry No. 1 at 1-2).

At the Initial Case Management Conference in this case, the Magistrate Judge "noted that, while Plaintiffs were identified as citizens of Tennessee, there was no allegation as to the citizenship of Defendant Richard G. Madden, and there were insufficient allegations with regard to the citizenship of T and K Trucking, Inc., and E & K Trucking, Inc." (Docket Entry No. 14 at 2). The Magistrate Judge then ordered the parties to submit a jurisdictional statement within two weeks.

Defendant Madden, the only Defendant who had appeared, filed such a statement indicating he was a Kentucky citizen. Plaintiffs failed to file a jurisdictional statement within the time provided, prompting the Magistrate Judge to issue the present R & R which recommends that the action be dismissed without prejudice for failure to adequately allege diversity.

2

Approximately one week after the entry of the R & R, Plaintiffs filed their Jurisdictional Statement (Docket Entry No. 16), along with their Objection to the R & R. In the Jurisdictional Statement, Plaintiffs allege:

> 1. The Defendant, Richard G. Madden was and is a resident of 4975 Franklin Road, Scottsville, Kentucky at the time the complaint was filed;
> 2. The Defendant T & K TRUCKING is a business operating in Russellville, Logan County, Kentucky having its principal place of business located at 178 Echo Valley Road, Russellville, KY 42276, and is incorporated in the Commonwealth of Kentucky;
> 3. The amount in controversy exceeds, exclusive of interest and costs, the sums specified by 28 U.S.C. § 1332.

(Docket Entry No. 16). Leaving aside that Plaintiffs' Jurisdictional Statement was not filed within the time specified by the Magistrate Judge and hence could be ignored, even considering that filing together with the Complaint, Plaintiffs have failed to establish this court's diversity jurisdiction.

For this Court to have diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship between opposing parties. It is firmly established that diversity of citizenship "should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." Wolfe v. Hartford Life & Annuity, Ins. Co., 149 U.S. 389, 389 (1893).

For individuals, a Court determining its diversity jurisdiction must look to the individual's citizenship, not

3

residence. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001). "[A] corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1); see, City of Albion v. Guaranty Nat'l. Ins. Co., 35 F.Supp.2d 542, 546 (W.D. Mich. 1998)("corporation has dual citizenship – its state of incorporation and its principal place of business"). "[A]llegations of citizenship, of both corporate and individual parties, must be apparent from the face of the pleadings," Jenkins v. Virgin Atlantic Ariways, Ltd., 46 F.Supp.2d 271, 272 (S.D.N.Y 1999), or other papers in the record, Wolfe, 149 U.S. at 389.

The Jurisdictional Statement provided by Plaintiffs is insufficient to establish Defendant Madden's citizenship since it speaks only in terms of his residency. See, Kanter, 265 F.3d at 857-58 (because section 1332 specifies citizenship and not residency, the failure to specify a party's citizenship is fatal to the assertion of diversity jurisdiction). Nevertheless (and contrary to the Magistrate Judge's assertion in the R & R) Plaintiff's Complaint alleges that Madden is both a citizen and resident of Kentucky and hence this allegation is sufficient for purposes of conferring jurisdiction over that Defendant. Likewise, the allegations relating to T and K Trucking are sufficient because in their Jurisdictional Statement, Plaintiffs allege that T and K

4

Trucking has its principal place of business and is incorporated in the Commonwealth of Kentucky.

Both the Complaint and Plaintiffs' Jurisdictional Statement are deficient in regard to Defendant E & K Trucking. The Jurisdictional Statement does not even mention E & K Trucking, while the Complaint only alleges that it is a business "situated" in Kentucky. There is no allegation as to that Defendant's state of incorporation or principal place of business. See, Guartanty Nat'l, 25 F.Supp.2d at 546 ("a corporation doing business in a state may or may not have its principal place of business in that state"). Since allegations relating to citizenship must be apparent and Plaintiffs have failed to make such allegations with respect to E & K Trucking despite being afforded an opportunity within which to so do, the action will be dismissed without prejudice.

Accordingly, Plaintiffs' Objection to the R & R (Docket Entry No. 15) is OVERRULED and the R & R (Docket Entry No. 14) is APPROVED and ADOPTED, except as amended herein. This case is hereby DISMISSED WITHOUT PREJUDICE.

Entry of this Order shall constitute the judgment in this case pursuant to Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE